# 7710

No. 7710

Court of Appeal — Parish of Orleans

State ex rel., Mrs. Santo Coltraro

versus

City of New Orleans

By Dinkelspiel, J.

By Dinkelspiel, J.

This controversy arises out of a mandamus proceeding in-
stituted by plaintiff against the City of New Orleans, also
the defendant in this case, wherein the latter, the City of
New Orleans, refused to accept City taxes due it by the plain-
tiff on certain properties described by her in her petition
without paying a certain paving bill, also due by her, and
in failing to receive the taxes proper, mandamus proceedings
were instituted and both in the Court a quo and in this Court
the mandamus was made peremptory (see No. 7313 of the docket
of this Court).

The present action is brought by plaintiff, Mrs. Santo
Coltraro, in order to recover from the defendant, the City
of New Orleans, the sum of $500.00, which she claims is
based upon damages said to have been suffered by her through
the fact that she was compelled to institute proceedings,
above set forth, against the City of New Orleans in order to
compel said City to accept from her the taxes levied without
the payment of the paving bill above referred to for the
year 1917.

She avers that the sum of $250.00 is the amount of damages
due her personally on account of the worry, annoyance, loss
of time, which she alleges she suffered through the acts of
the City, as aforesaid, and the further sum of $250.00 claimed
to be due her for attorney's fees, she having been compelled
to employ an attorney to defend her rights successfully in
said aforementioned suit.

The defendant, the City of New Orleans, filed an exception
of no cause of action, and this exception being maintained
by his Honor, the Judge a quo, hence this appeal.

A careful examination of the authorities satisfies us
that her claim is not entitled to serious consideration.

Plaintiff is no more entitled to recover damages as claimed than would any other litigant who was compelled to resort to the courts to enforce rights which otherwise they could not do, except through judicial proceedings.

It cannot be said that the defendant, the City of New Orleans, either acted maliciously or wantonly, nor is it so asserted, nor is it alleged that any officer of the City acted in bad faith and without probable cause; hence to hold the municipality d in damages for an act done under its governmental powers is, in our opinion, wholly unjustifiable, and the action taken in this case by the City claiming that the taxes and paving bills must be paid one and the same time, whilst erroneous as this Court held, yet gives no cause for an action in damages asserted by plaintiff herein.

Our Supreme Court has held frequently that actions for damages of this character in attempting to enforce rights, as claimed by plaintiff herein, are not of that character which give rise to damages for worry of mind or for maintaining the rights asserted or for attorney's fees. Sage v. Cain, 14 La. 193.

Nor have our courts favored the allowance of attorney's fees as a part of damages to injuries either to persons or to properties, except in cases specifically provided by our laws. 35 Ann. 1016; 36 Ann. 133; 39 Ann. 930; 51 Ann. 456; 124 La. 870.

His Honor, the judge of the court a quo, maintained the exception of no cause of action, and in which judgment we concur.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the court a quo be affirmed, plaintiff to pay the costs of both courts.

Judgment affirmed.